People v Brown (2025 NY Slip Op 05578)

People v Brown

2025 NY Slip Op 05578

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Ind No. 1396/84|Appeal No. 4907|Case No. 2022-05204|

[*1]The People of the State of New York, Respondent,
v
Alvin Brown, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Mallory Phelps of counsel), for respondent.

Order, Supreme Court, New York County (Thomas A. Farber, J.), entered on or about October 25, 2022, which adjudicated defendant a level three sexually violent sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). "Defendant's pattern of offending behavior indicated a significant risk of recidivism, which was not outweighed by the mitigating factors he cites, including his efforts at rehabilitation" (People v Townsend, 233 AD3d 548, 549 [1st Dept 2024], lv granted 43 NY3d 907 [2025]). By the time of the SORA hearing, defendant had been convicted of multiple additional crimes for rapes he committed before, after, and in between the offenses he was convicted of here. To the extent that defendant's deteriorating physical health was a mitigating factor, it was outweighed by the horrific nature of the sex offenses he perpetrated against three innocent strangers, whom he bound, gagged, robbed, and raped at gunpoint and/or knifepoint (see People v Santiago, 225 AD3d 478 [1st Dept 2024], lv denied 42 NY3d 904 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 9, 2025